UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:21-cr-219-FDW |
| v. | **BILL OF INFORMATION** |
| **HUDSON HAMRICK** | Violation: 18 U.S.C. § 1343 |

## THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1. From in or about October 2016 and continuing through in or about 2020, the defendant, HUDSON HAMRICK, a resident of Charlotte, North Carolina, executed a scheme to defraud Amazon.com, Inc. out of at least $290,000, by engaging in a fraudulent return scheme.

2. In general, the scheme worked as follows:

    a. HAMRICK would order expensive items through Amazon, often consumer electronics, guitars, tools, camera equipment, and other high-end consumer products.

    b. HAMRICK would then initiate the process to return the item to Amazon, obtaining a credit for the purchase price. Instead, of returning the purchased item, however, HAMRICK, in most instances, would return a different item, which was often cheaper and/or broken. In other instances, HAMRICK would obtain a concession, *i.e.*, a shipment of a second replacement item, for items he claims not to have received or to have received damaged.

    c. HAMRICK would then either keep the new, expensive item or resell the item on an online platform.

3. As a result, HAMRICK received both the refund from Amazon and the proceeds for selling the item that he had falsely represented he was returning.

4. Over the course of his scheme, HAMRICK engaged in more than 300 fraudulent transactions causing losses to Amazon of more than $290,000, including:

    a. The return of more than 270 items, of which more than 250 were materially different in value from the product HAMRICK received and for which he received a full refund; and

    b. Concessions on more than 40 items.

## Examples of Fraudulent Transactions

### *Jura Professional Coffee Machine*

5. On or about July 23, 2019, HAMRICK purchased from Amazon a Jura 15089 GIGA W3 Professional Automatic Coffee Machine for a purchase price of $3,536.46, which was shipped the following day to HAMRICK at an address in Charlotte, North Carolina.

6. On or about July 31, 2019, HAMRICK initiated a return to Amazon, purportedly shipping back the Jura Professional Coffee Machine, and causing a refund in the amount of $3,536.46 to be issued to him.

7. Instead of returning the Jura Professional Coffee Machine, HAMRICK returned a different coffee machine, a Jura 15068 Impressa C65 Automatic Coffee Machine, valued at least $2,000 less than the one he had fraudulently represented he was returning.

8. On or about February 12, 2020, an account on Amazon associated with HAMRICK sold a Jura 15089 Giga W3 Professional Automatic Coffee Machine System with the same name and product number as the item HAMRICK had ordered and fraudulently represented that he was returning to Amazon.

### *Apple iMac Pro*

9. On or about August 7, 2019, HAMRICK purchased from Amazon an Apple iMac Pro for a purchase price of $4,256.85, which was shipped two days later to HAMRICK at an address in Charlotte, North Carolina.

10. On or about August 20, 2019, HAMRICK initiated a return to Amazon, purportedly shipping back the Apple iMac Pro the following day, and causing a refund in the amount of $4,256.85 to be issued to him.

11. Instead of returning the high-end iMac Pro, HAMRICK returned a much older, less valuable non-Pro model with a completely different serial number than the one he had fraudulently represented he was returning.

12. On or about August 13, 2019, an account on eBay associated with HAMRICK sold an Apple iMac Pro that matched the description of the item HAMRICK had ordered and fraudulently represented that he was returning to Amazon.

### *ROG Zephyrus Gaming Laptop*

13. On or about September 2, 2019, HAMRICK purchased from Amazon a ROG Zephyrus S GX701 Gaming Laptop, which was shipped the same day to HAMRICK at an address in Charlotte, North Carolina.

14. On or about September 10, 2019, HAMRICK initiated a return to Amazon, purportedly shipping back the ROG Zephyrus Gaming Laptop the following day, and causing a refund in the amount of $2,776.52 to be issued to him.

15. Instead of returning the high-end ROG Zephyrus Gaming Laptop, HAMRICK returned an Asus Vivobook laptop, valued at over $2,300 less than the ROG Zephyrus Gaming Laptop he had fraudulently represented he was returning.

### *Fuji Spray System*

16. On or about February 2, 2020, HAMRICK purchased from Amazon a Fuji 2895-T75G Platinum Quiet HVLP Spray System ("Fuji Spray System") for a purchase price of $1,227.31, which was shipped the following day to HAMRICK at an address in Rock Hill, South Carolina.

17. On or about February 3, 2020, HAMRICK initiated a return, purportedly for the Fuji Spray System, which was shipped the following day. In light of his prior conduct, Amazon blocked the refund to HAMRICK.

18. Instead of returning the Fuji Spray System, HAMRICK returned a materially different and lower value model that retails for $349.

19. On or about February 11, 2020, an account on Amazon associated with HAMRICK sold a Fuji 2895-T75G Q5 Platinum Quiet HVLP Spray System with the same name and ASIN as the item HAMRICK had ordered and fraudulently represented that he was returning to Amazon.

## COUNT ONE

### 18 U.S.C. § 1343
### (Wire Fraud Scheme)

20. The United States Attorney realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 19 of the Bill of Information, and further alleges that:

21. From in or about October 2016 through in or about 2020, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

### HUDSON HAMRICK

with the intent to defraud, did knowingly and intentionally devise the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire communication in interstate commerce any writing, signal, or sound, to wit, the defendant, while located in Mecklenburg County, North Carolina, did send or cause to be sent electronic communications, including emails and text messages, to and from Amazon and its intermediaries in other States.

All in violation of Title 18, United States Code, Sections 1343.

## NOTICE OF FORFEITURE

22. Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

      a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Information; and

      b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

23. The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of at least $290,000, such amount constituting the proceeds of the violations set forth in this bill of information.


WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

*/s/ Maria K. Vento*

MARIA K. VENTO
ASSISTANT UNITED STATES ATTORNEY